**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SARAH LUCZYK**<br>60 and ½ Circular Street<br>Tiffin, Ohio  44883 | * | **Case No.** |
| | * | **Judge** |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND** |
| v. | | **ENDORSED HEREON** |
| | * | |
| **THE ASSOCIATION FOR** | * | Francis J. Landry   (0006072) |
| **INSTITUTIONAL RESEARCH,** | | **WASSERMAN, BRYAN, LANDRY** |
| **INC.** | | **& HONOLD, LLP** |
| c/o Statutory Agent | * | |
| Corporation Service Company | | 1090 W. South Boundary St |
| 50 W. Broad Street, Suite 1330 | * | Suite 500 |
| Columbus, Ohio  43215 | | Perrysburg, Ohio 43551 |
| | * | Telephone:  (419) 243-1239 |
| | | Facsimile:  (419) 243-2719 |
| Defendant. | * | Email: FLandry308@aol.com |
| | | Attorney for Plaintiff |
| | * | Sarah Luczyk |

*    *    *    *    *    *    *    *

**JURISDICTION**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332, 1337, 1343, 2201 and 2202 known as this Court's diversity of citizenship jurisdiction.  This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful discrimination in employment in violation of the Ohio Revised Code Section 4112.02(A)  which prohibits disability discrimination.

1

## PARTIES

2.      Plaintiff, Sarah Luczyk, is a citizen of the United States and a resident of the City of Tiffin, County of Seneca, State of Ohio, who has been employed by Defendant from November 1, 2019 until February 20, 2020. At all times material hereto, Plaintiff has been an employee of an employer within the meaning of Chapter 4112 of the Ohio Revised Code in that the Plaintiff was an employee of an entity with more than four (4) employees.

3.      Plaintiff states that the Defendant is a foreign (out of state)  corporation duly organized under Florida law with a place of business in the City of Tiffin, County of Seneca, State of Ohio. Defendant's headquarters and principal place of business are in the State of Florida.  Defendant at all times had more than four (4) employees and was also an employer within the meaning of Ohio Revised Code Section 4112.01.  The matters in controversy in this action exceed the sum of $75,000.00 exclusive of costs and interest.

## NATURE OF THE CASE

4.      Plaintiff brings this action for damages and injunctive relief for unlawful discrimination in employment based on Plaintiff's  disability.

## GENERAL ALLEGATIONS

6.      Plaintiff began her employment with the Defendant on or about November 1, 2019. She was employed as a Lead Instructor. Plaintiff had been actively recruited by Defendant for this position.  At all times material hereto, Plaintiff worked for Defendant out of Tiffin, Seneca County, Ohio.

7.      During her employment, Plaintiff visibly displayed anxiety about the position.  Plaintiff also suffered from anxiety and a sleep disorder.  Plaintiff brought up her sleep disorder at a staff

meeting and she spoke at one point to the Defendant's Executive Director and Human Resources Officer inquiring as to how she would go about filing that she had a disability.

8.      Plaintiff at all times material hereto was meeting and/or exceeding her employer's legitimate expectations.  In fact, at the end of 2019, Plaintiff received her letter of appointment and was praised for great work with a note that the employer was looking forward to working with Plaintiff in the coming year.

9.      On or about February 20, 2020, the Defendant, after learning of Plaintiff's anxiety and sleep disorder, terminated her employment indicating merely that she was not a good fit.  Other than her praise that she had received at the end of 2019, Plaintiff received no other feedback from her employer.

10.     Prior to being formally hired by Defendant, Plaintiff had worked as an independent contractor for Defendant for a period of approximately five (5) years.

.

## FIRST CLAIM FOR RELIEF
### Disability Discrimination
### Ohio Revised Code Chapter 4112.02(A) and 4112.99 as amended

11.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through then (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12.     Plaintiff states that she was, during her employ with Defendant, a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13).  Plaintiff suffered from a condition of anxiety and a sleep disorder. Plaintiff states that her conditions, which were known to Defendant, significantly affected major life activities including but not limited to working, sleeping, concentrating, interacting with others and a broad range of daily life activities.

13.     Plaintiff began her employment with the Defendant on or about November 1, 2019. She was employed as a Lead Instructor. Plaintiff had been actively recruited by Defendant for this position.  At all times material hereto, Plaintiff worked for Defendant out of Tiffin, Seneca County, Ohio.

14.     During her employment, Plaintiff visibly displayed anxiety about the position.  Plaintiff also suffered from anxiety and a sleep disorder.  Plaintiff brought up her sleep disorder at a staff meeting and she spoke at one point to the Defendant's Executive Director and Human Resources Officer inquiring as to how she would go about filing that she had a disability.

15.     Plaintiff at all times material hereto was meeting and/or exceeding her employer's legitimate expectations.  In fact, at the end of 2019, Plaintiff received her letter of appointment and was praised for great work with a note that the employer was looking forward to working with Plaintiff in the coming year.

16.     On or about February 20, 2020, the Defendant, after learning of Plaintiff's anxiety and sleep disorder, terminated her employment indicating merely that she was not a good fit.  Other than her praise that she had received at the end of 2019, Plaintiff received no other feedback from her employer. Plaintiff states that the reason advanced by Defendant for her termination was false and pretextual.

17.     Plaintiff states that similarly situated employees who were not  disabled were more favorably treated and not subject to sudden and arbitrary termination.

18.     Plaintiff states Defendant's actions violated Plaintiff's rights under Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

19.    As a proximate result of the actions of Defendants complained of herein, Plaintiff has suffered the loss of her job position, back and future wages and benefits, personal and financial damage, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,**  Plaintiff prays for an order of reinstatement to her position together with full back pay, seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement.  Plaintiff further demands a judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment all in an amount exceeding the sum of $75,000.00 exclusive of costs and interest,  plus her costs, interest and reasonable attorney fees. Plaintiff also seeks prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


 _/s/ Francis J. Landry_____
Francis J. Landry, Attorney for
Plaintiff, Sarah Luczyk




**<u>JURY DEMAND</u>**


5

Plaintiff demands a jury trial as to all issues so triable in the within cause.


___/s/ Francis J. Landry_____
Francis J. Landry